IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JUAN JOSE GARCIA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5-16-cv-3 |
| § | |
| STATE FARM LLOYDS AND § | |
| AND SHANON L. WATSON § | |
| § | |
| Defendants. § | JURY REQUESTED |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

STATE FARM LLOYDS (hereinafter "State Farm"), Defendant, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I.   PROCEDURAL BACKGROUND

1. On November 16, 2015, Juan Jose Garcia ("Plaintiff") filed their Original Petition ("the Petition") in Cause No. 9,315 in the 49th Judicial District Court, Zapata County, Texas, ("the State Court Action") against Defendants State Farm and Shanon L. Watson ("Watson").

2. On December 10, 2015, Watson was served with process. Watson filed his Original Answer on January 5, 2016.

3. On December 9, 2015, State Farm was served with process. State Farm filed its Original Answer on December 31, 2015.

4. State Farm timely files this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove the State Court Action from the 49th Judicial District Court, Zapata, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

## II.   NATURE OF THE SUIT

5. This lawsuit involves a dispute over the alleged non-payment or under payment of insurance benefits and the handling of Plaintiff's insurance claims for damages allegedly caused by storms occurring on or about May 2014 and October 2013.[1] Plaintiff asserts causes of action for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code.

## III.   VENUE

6. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the State District Court of Zapata County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

## IV.   BASIS FOR REMOVAL

7. There is complete diversity among the parties properly joined to this suit and the amount in controversy exceeds $75,000.

8. Plaintiff was, at the time this action commenced, and still is a citizen of the State of Texas.[2]

9. Defendant State Farm was, at the time the civil action commenced, and still is, a citizen of the states of Illinois, Florida and Pennsylvania. State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this civil action was commenced, were, and still are,

---

[1] *See* Pl. Original Pet. ¶ 12.
[2] *Id*. at § II.

2

citizens and residents of the states of Illinois, Florida, and Pennsylvania making State Farm a citizen and resident of the states of Illinois, Florida, and Pennsylvania for diversity purposes.[3]

10. Defendant Watson is a Texas citizen and an employee of State Farm and acted in his capacity as an employee in adjusting Plaintiff's insurance claims. However, Plaintiff fails to allege any specific facts that establish a valid cause of action against Watson.[4] Generic allegations are insufficient to state a potential right to relief against Defendant Watson individually.[5] Because Defendant Watson was always acting in his capacity as an employee of State Farm and Plaintiff fails to allege any specific facts that establish a valid cause of action against him, Watson bears no independent liability, is improperly joined, and his citizenship should be disregarded for purposes of determining complete diversity of citizenship.

11. Plaintiff also seeks "monetary relief over $100,000 but not more than $200,000, and a demand for judgment for all the other relief to which the party deems himself justly entitled."[6] Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

V. **DEFENDANT SHANON L. WATSON IS IMPROPERLY JOINED**

12. A defendant may be disregarded as a party if the Court determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal.[7] "The presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity."[8]

---

[3] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).
[4] *See Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999).
[5] *See id.*
[6] Pl. Original Pet. § VI ¶¶ X and V.
[7] *See Gonzales v. Homeland Ins. Co. of New York*, 2011 U.S. Dist. LEXIS 84577 at *5, 2011 WL 3104104 at *2 (S.D. Tex. Jul. 25, 2011).
[8] *Id.* quoting *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (internal citations omitted).

13. In order to establish improper joinder, "the removing party must show either that there is no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 161 (S.D. Tex. 1994). In this case, there is no possibility that the plaintiff will be able to establish a cause of action against Watson, the in-state defendant.

14. Under Texas law, agents are generally not liable for contracts entered into on behalf of the principal or for any actions that are within the scope of their authority. *See French*, 156 F.R.D. at 162. When an agent exceeds his authority under the agency agreement, he becomes personally liable. *See Schwarz v. Straus-Frank Co.*, 382 S.W.2d 176, 178 (Tex. Civ. App.—San Antonio 1964, writ ref'd n.r.e.). Absent allegations that Watson was acting in anything other than a representative capacity or that he actually engaged in any deceptive or unfair practices in connection with Plaintiff's claims, thus exceeding his agency authority, Watson cannot be held individually liable.[9]

15. Nowhere in Plaintiff's Petition does he allege that Watson exceeded the scope of his authority.[10] On the contrary, Plaintiff points out that "State Farm, through Defendant Watson, performed an outcome oriented investigation of Plaintiff's claim."[11] Further, Plaintiff specifically added a section entitled "Acts Constituting Acting as Agent" wherein Plaintiff alleges that "As referenced and described above, and further conduct throughout this litigation and lawsuit, Ms. Watson is an agent of State Farm based on her acts during the handling of this

---

[9] *See Arzehgar v. Dixon*, 150 F.R.D. 92, 94-95 (S.D. Tex. 1993) (noting that the insurance agents were added as Defendants "only as an afterthought" and that "Plaintiffs' counsel failed to revise the petition in many places to expand the reach of the allegations beyond" the insurance company).
[10] *See* Pl. Original Pet.
[11] Pl. Original Pet. ¶ 26.

claim."[12] Because there is no reasonable basis for this Court to predict that Plaintiff may be able to recover against Watson, his presence should be disregarded in determining diversity jurisdiction and he should be dismissed.

16.     Because Plaintiff is a citizen of Texas, Defendant State Farm is a citizen of the states of Illinois, Florida, and Pennsylvania, and because Defendant Watson has been improperly joined, complete diversity of citizenship exists among the parties.

### VI.     PROCEDURAL REQUIREMENTS

17.     Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

Exhibit A:      Index of Matters Being Filed;

Exhibit B:      Plaintiff's Original Petition filed on November 16, 2015;

Exhibit C:      A copy of the Citation and executed process for Defendant State Farm;

Exhibit D:      A copy of the Citation and executed process for Defendant Watson;

Exhibit E:      A copy of State Farm Lloyds' Original Answer filed December 31, 2015;

Exhibit F:      A copy of Shanon L. Watson's Original Answer filed January 5, 2016;

Exhibit G:      A copy of the Amended Certificate of Service to Defendant State Farm Lloyds' Original Answer and Jury Demand;

Exhibit H:      A copy of the Notice of Calendar Call;

Exhibit I:      A copy of the Notice of Appearance of Lead Counsel;

Exhibit J:      A copy of the state court docket sheet;

Exhibit K:      Defendant Shanon L. Watson's Consent to Removal; and

Exhibit L:      A list of all counsel of record.

18.     Defendant Shanon L. Watson consents in this removal.  *See* Exhibit H.

---

[12] Pl. Original Pet., ¶ 55.

19. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.[13]

20. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after filing the same.

21. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the 49th Judicial District Court, Zapata County, Texas, promptly after filing of same.

---

[13] *See* Exhibit A.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant STATE FARM LLOYDS respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm also requests any additional relief to which it may be justly entitled.

    Respectfully submitted,

    Dykema Cox Smith
    112 East Pecan Street, Suite 1800
    San Antonio, Texas 78205
    210.554.5500
    210.226.8395 (Fax)


    By: */s/ Thomas Sanders*
       Thomas Sanders
       State Bar No. 17609900
       Southern District Admission No. 20800
       tsanders@dykema.com
       Rachel R. Skinner
       State Bar No. 24085588
       rskinner@dykema.com

    *Attorneys for Defendant, State Farm Lloyds*

NG-D8D7AFOE\4849-0758-6604.1
733737\000034

## **CERTIFICATE OF SERVICE**

I, Thomas E. Sanders, certify that a true and correct copy of the foregoing document was served on counsel of record by certified mail/return receipt requested in accordance with the Federal Rules of Civil Procedure on January 8, 2016:

>Philip K. Broderick
>David A. Christoffel
>ARGUELLO, HOPE & ASSOCIATES, PLLC
>1110 Nasa Parkway, Suite 620
>Houston, Texas 77058
>Philip@simplyjustice.com
>David@simplyjustice.com
>(281) 532-5529 - phone
>(281) 402-3534 - fax
>*Attorneys for Plaintiff, Juan Jose Garcia*

>>*/s/ Thomas Sanders*
>>Thomas E. Sanders

NG-D8D7AFOE\4849-0758-6604.1
733737\000034