# EXHIBIT "B"

9,315

Filed 11/16/2015 10:50:46 AM
Dora Castanon
District Clerk
Zapata County, Texas

CAUSE NO. _9,315_____

| | | |
|---|---|---|
| JUAN JOSE GARCIA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | ZAPATA COUNTY, TEXAS, |
| STATE FARM LLOYDS | § | |
| AND SHANON L. WATSON, | § | _44th_ JUDICIAL DISTRICT |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Juan Jose Garcia, ("Plaintiff"), and files this *Plaintiff's Original Petition and Requests for Disclosure*, complaining of State Farm Lloyds ("State Farm") and Shanon Watson ("Watson"), or collectively, "Defendants", and for causes of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff requests the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff Juan Jose Garcia is an individual residing in Zapata County, Texas.

3. Defendant State Farm is a domestic insurance company engaged in the business of insurance in Texas, with its principal office located in Dallas, Texas. State Farm may be served by its registered agent for service, Corporation Service Company, located at 211 E.

7ᵗʰ Street, Suite 620, Austin, Texas 78701-3218. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant.

4.      Defendant Shanon L. Watson is an individual engaged in the business of adjusting insurance claims in the State of Texas. Upon information and belief, this defendant may be served at 4215 Loop 343, Rusk, Texas 75785, or wherever she may be found.

**JURISDICTION**

5.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend his petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant State Farm because this defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant Watson because this individual is domiciled in the State of Texas. Further, this action arises out of the defendant's acts and omissions in the State of Texas.

**VENUE**

8.      Venue is proper in Zapata County, Texas, because the insured property is situated in Zapata County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

**FACTS**

9.      Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm, under Policy Number 83B7Z9359.

10.    Plaintiff owns the insured property, which is specifically located at 312 Crane Street, Zapata, Texas, in Zapata County (hereinafter referred to as "the Property").

11.    State Farm sold the Policy insuring the Property to Plaintiff.

12.    On or about May 9, 2014, or on or about October 18, 2013, a hail storm and/or windstorm struck Zapata County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm"). Specifically, Plaintiff's main dwelling composition shingle roof and accompanying roof components, such as the asphalt starter-course, ridge cap, valley metal, exhaust caps, pipe jacks, furnace vents, and drip edge sustained extensive damage during the storm. Moreover, the exterior of Plaintiff's home also sustained hail damage during the storm, including but not limited to damage to the structure address numbers/letters, trim, fascia, soffit vent, aluminum window, three (3) window screens, four (4) shutters, two (2) exterior light fixtures, exterior door, door threshold, siding and skirting. Moreover, wind tore/lifted the shingles on Plaintiff's roof, allowing wind driven rain to damage the interior of Plaintiff's home, including the kitchen, master bathroom, master bedroom, and living room.

13.    Plaintiff submitted a claim to State Farm against the Policy as referenced in paragraph 9 above, for Roof Damage, Interior Damage, and Exterior Damage the dwelling and dwelling extension sustained as a result of the hail storm and/or windstorm.

14.    Plaintiff asked that State Farm cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the composition shingle roof, roofing components, repair of the exterior damage to the Property, and repair of the interior water damage, pursuant to the Policy.

15.    Defendant State Farm assigned adjuster Shanon L. Watson to adjust the claim. This
       adjuster was improperly trained and/or supervised and failed to perform a thorough
       investigation of Plaintiff's claim. Specifically, Ms. Watson conducted a substandard
       inspection of Plaintiff's property. The inadequacy of Ms. Watson's inspection is evidenced
       by her report, which failed to account for the full extent of Plaintiff's damages. For
       example, though Ms. Watson acknowledged that the main dwelling roof needed to be
       ultimately replaced, she did not allow sufficient funds to cover the costs of repairs for all
       of the shingles on the roof, and all of the accompanying components. Moreover, Ms.
       Watson completely ignored most of the Storm damage to the exterior and interior of the
       house.

16.    Ultimately, Ms. Watson's estimate did not allow adequate funds to cover the cost of repairs
       for the majority of the damages sustained, such as the kitchen. This inadequate
       investigation was relied upon by State Farm in this action and resulted in Plaintiff's claim
       being improperly denied.

17.    Defendant State Farm failed to adequately train and supervise Ms. Watson resulting in the
       unreasonable investigation and improper handling of Plaintiff's claim. Moreover, State
       Farm failed to thoroughly review and properly oversee the work of Ms. Watson, ultimately
       approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's
       claim. As a result of these Defendants' wrongful acts and omissions set forth above and
       further described herein, Plaintiff's claims were improperly denied causing him to suffer
       damages.

18.    Together, Defendant State Farm and Defendant Watson set about to deny and/or underpay
       on properly covered damages. Defendants State Farm and Watson misrepresented to

Plaintiff that Ms. Watson's estimate included all of Plaintiff's properly covered hail storm and/or windstorm damages and made sufficient allowances to cover the cost of repairs to Plaintiff's dwelling and dwelling extension pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiff's properly covered storm damages and failed to allow for sufficient amounts to cover the cost of repairs to Plaintiff's Property. Defendants State Farm and Watson failed to provide adequate coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby denying payment on Plaintiff's claim. As a result of these Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted and Plaintiff has been severely underpaid and suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair his Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive sufficient payment that he is entitled to under the Policy.

19.    As detailed in the paragraphs below, State Farm wrongfully underpaid Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, State Farm undervalued some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

20.    To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to his home.

21.    Defendant State Farm failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay any proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to

cover the damaged property. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

22.  Defendants State Farm and Ms. Watson misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants State Farm's and Watson's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

23.  Defendants State Farm and Watson failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. These defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

24.  Defendants State Farm and Ms. Watson failed to explain to Plaintiff the reasons for its denial of Plaintiff's claim. Specifically, State Farm and Ms. Watson failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, neither State Farm nor Ms. Watson communicated that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The conduct of Defendants State Farm and Ms. Watson is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

25.  Defendants State Farm and Ms. Watson failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from State Farm or Ms. Watson. The conduct of Defendants State Farm and Watson constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

26.     Defendants State Farm and Ms. Watson refused to fully compensate Plaintiff, under the terms of the Policy, even though State Farm and Ms. Watson failed to conduct a reasonable investigation. Specifically, State Farm, through Defendant Watson, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of State Farm and Ms. Watson constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

27.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

28.     Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

29.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

30. From and after the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31. Defendants State Farm and Ms. Watson knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

32. As a result of Defendants State Farm's and Ms. Watson's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT SHANON L. WATSON

#### COUNT ONE: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33. During her investigation, Ms. Watson failed to properly assess Plaintiff's hail storm and/or windstorm damages. Specifically, during her inspection on October 20, 2014, Ms. Watson spent an inadequate time scoping for damages. This is most acutely seen as Ms. Watson completely omitted many covered damages from her report, including exterior damage to the dwelling, such as the damage to the structure address numbers/letters, trim, fascia, soffit vent, aluminum window, door lockset and deadbolt, four (4) shutters, two (2) exterior light fixtures, exterior door, door threshold, and skirting. Additionally, Ms. Watson ignored the interior water damage to the kitchen.

34.     In addition, the damages that Ms. Watson did include in her estimate were both underestimated and undervalued. Specifically, she failed to allow sufficient funds to cover the replacement of the main dwelling roof and accompanying components, underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to include adequate overhead and profit, and improperly calculated the actual cash value of Plaintiff's loss under the Policy.

35.     Defendant State Farm knew or should have known that Defendant Watson lacked the knowledge and experience to adequately investigate claims of this nature.

36.     Defendant Watson's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

37.     Defendant Watson is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of State Farm because Defendant Watson is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *(See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

38.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation.

Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Watson's unfair settlement practices, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

39.     Defendant Watson's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

40.     Defendant Watson failed to explain to Plaintiff the reasons for her offer of an inadequate settlement. Specifically, Defendant Watson failed to offer Plaintiff adequate compensation without proper explanation as to why full payment was not being made. Furthermore, Defendant Watson did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did she provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant Watson as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable

law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

41.    Defendant Watson did not adequately explain what damages were not being covered under the estimate. Defendant Watson's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

42.    Defendant Watson did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages, although reported by Plaintiff to State Farm. Defendant Watson's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

CAUSES OF ACTION AGAINST STATE FARM

43.    Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

COUNT ONE: BREACH OF CONTRACT

44.    Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

45.    Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under

the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

### COUNT TWO: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

46.     Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

47.     Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48.     Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

49.     Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

50.     Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### COUNT THREE: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

51.    Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

52.    Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

53.    Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

54.    Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### COUNT FOUR: ACTS CONSTITUTING ACTING AS AGENT

55.    As referenced and described above, and further conduct throughout this litigation and lawsuit, Ms. Watson is an agent of State Farm based on her acts during the handling of this claim. TEX. INS. CODE §4001.051.

56.    Separately, and/or in the alternative, as referenced and described above,
       State Farm ratified the actions and conduct of Ms. Watson, including the completion of her
       duties under the common law and statutory law.

COUNT FIVE: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

57.    Defendant State Farm's conduct constitutes a breach of the common law duty of good faith
       and fair dealing owed to insureds in insurance contracts.

58.    "Good faith and fair dealing" is defined as the degree and diligence which a man of
       ordinary care and prudence would exercise in the management of one's own business.
       *Arnold v. Nat'l Mut. Fir Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from
       Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the
       policyholder's) and State Farm's (the insurer's) unequal bargaining power. Part of this
       unequal bargaining power results from the fact that State Farm, like other insurers, controls
       entirely the evaluation, processing and denial of claims.

59.    By not inspecting the property for any of the claimed covered damages, State Farm and
       Ms. Watson did not inspect and evaluate Plaintiff's home as if it were their own home.
       State Farm's investigation and evaluation was not reasonable, thus, there is no reasonable
       basis for withholding payment for Plaintiff's covered damages. State Farm's overall
       conduct in handling Plaintiff's claim was not reasonable.

60.    Defendant State Farm's failure, as described above, to adequately and reasonably
       investigate and evaluate Plaintiff's claim, although, at that time, State Farm, through Ms.
       Watson, knew or should have known by the exercise of reasonable diligence that its
       liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

61. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

62. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

63. As previously mentioned, the damages caused by the October 18, 2013, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant State Farm's mishandling of Plaintiff's claim in violation of the laws set forth above.

64. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

65. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

66. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

67.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

68.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**REQUESTS FOR DISCLOSURE**

69.    Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendant State Farm and Defendant Watson, each disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

By:     */s/ David A. Christoffel*
        David A. Christoffel
        State Bar of Texas Number: 24065044
        1110 Nasa Parkway, Suite 620
        Houston, Texas 77058
        Telephone: (281) 532-5529
        Facsimile: (281) 402-3534
        David @simplyjustice.com
        ***ATTORNEY FOR PLAINTIFF***
        ***JUAN JOSE GARCIA***