United States District Court
Southern District of Texas
**ENTERED**
July 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JUAN JOSE GARCIA, | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 5:16-CV-3 |
| | § | |
| STATE FARM LLOYDS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Juan Jose Garcia's Motion to Remand (Dkt. No. 4). For the following reasons, Plaintiff's Motion (Dkt. No. 4) is **GRANTED** and this case is **REMANDED** to the 49th District Court of Zapata County.

### I. BACKGROUND

This is an insurance coverage dispute arising from storm damage to Plaintiff's property. Plaintiff, a Texas citizen, is the insured. Defendant State Farm Lloyds (State Farm) is the insurer and a citizen of Illinois, Florida, and Pennsylvania. Defendant Shannon L. Watson (Watson) is the insurance adjuster who handled the claim and also a Texas citizen.

Plaintiff filed an Original Petition in the 49th District Court of Zapata County on November 16, 2015, against State Farm and Watson. (Dkt. No. 1-2 at 2–3). The Original Petition alleges that State Farm and Watson collectively failed to properly evaluate the damages to Plaintiff's property. (Dkt. No. 1-2). Plaintiff brings claims against both State Farm and Watson for violations of Texas Insurance

1

Code, Chapter 541, relating to unfair settlement practices. (*Id.* at 7–12). Plaintiff also brings claims against State Farm only for breach of contract, violations of Chapter 542 of the Texas Insurance Code, and breach of common law duty of good faith and fair dealing. (*Id.* at 11–15).

State Farm timely removed on the basis of diversity jurisdiction. (Dkt. No. 1).[1] State Farm urges this Court to disregard Watson's citizenship, arguing Plaintiff failed to establish a valid cause of action against Watson. (Dkt. No. 1 at 3). Hence, State Farm contends Watson was improperly joined in the lawsuit. (*Id.*). In response, Plaintiff filed the instant Motion to Remand (Dkt. No. 4), arguing that Watson is properly joined because insurance adjusters may be held liable under Chapter 541 of the Texas Insurance Code. (Dkt. No. 4 at 6). Finally, State Farm filed a response maintaining that Plaintiff failed to establish a reasonable possibility of recovery against Watson. (Dkt. No. 4 at 4–5).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) subject matter jurisdiction exists and (2) the removal procedure is properly followed. Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing party bears the burden of establishing that federal

---

[1] Although State Farm's Notice of Removal appears to seek removal to the "Western District of Texas, San Antonio Division" (Dkt. No. 1 at ¶4), the location of Plaintiff's property (Zapata County) and the Parties' subsequent filings clarify that State Farm seeks removal to this Court.

jurisdiction exists over the controversy. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). This burden requires all contested factual issues and any uncertainties under controlling state law to be resolved in favor of remand. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

With limited exceptions, "[a] federal district court has removal jurisdiction over an action if the district court could have exercised original jurisdiction over it." *Elam v. Kansas City S. Ry Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citing 28 U.S.C. § 1441(a)). Federal courts have original jurisdiction in cases where the amount in controversy exceeds $75,000 and which are between, *inter alia*, "citizens of different States." 28 U.S.C. § 1332(a)(1). The doctrine of improper joinder, however, "constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). When a "plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, No. 14-31169, 2016 WL 1169067, at *2 (5th Cir. Mar. 24, 2016) (en banc).

Improper joinder can be established two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). To make the second showing,

3

a defendant must demonstrate that there is no possibility that the plaintiff will recover against the non-diverse defendant under the relevant law. *Id.*

Under this analysis, there are two ways to determine whether the plaintiff could possibly recover against the non-diverse defendant: (1) conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant; or (2) to "pierce the pleadings" and conduct a summary judgment-type analysis to identify discrete facts that would preclude recovery against the non-diverse defendant. *Id.* at 573–744. The latter method is applicable only if the plaintiff has stated a claim against the non-diverse defendant, but summary judgment evidence reveals facts withheld by the plaintiff relevant to the propriety of joinder. *Id.*

## III. ANALYSIS

The Parties do not dispute that the jurisdictional amount in controversy is met, or that Defendant Watson and Plaintiff are citizens of Texas. Hence, the question before the Court is whether Defendant Watson was improperly joined, which ultimately turns on Plaintiff's ability to establish a cause of action against Watson. To answer this question the Court conducts a 12(b)(6)-type analysis.

Section 541.060 of the Texas Insurance Code provides that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in" certain enumerated "settlement practices with respect to a claim by an insured," including:

> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

4

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear; . . .

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder; . . .

(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; . . . .

TEX. INS. CODE § 541.060(a). Claims under this statute can be brought against insurers as well as insurance adjusters in their individual capacities. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

Plaintiff's Original Petition raises numerous individual allegations against Watson as the insurance adjuster, citing to the sections of Texas Insurance Code outlined above. Namely, for Watson's alleged substandard inspection, inadequate settlement offer, inequitable and outcome-oriented investigation, and underpayment and mishandling of claims. (Dkt. No. 1-2 at 9–12). According to the Petition:

[D]uring her inspection on October 20, 2014, Ms. Watson spent an inadequate time scoping for damages. This is most acutely seen as Ms. Watson completely omitted many covered damages from her report, including exterior damage to the dwelling, such as the damage to the structure address numbers/letters, trim, fascia, soffit vent, aluminum window, door lockset and deadbolt, four (4) shutters, two (2) exterior light fixtures, exterior door, door threshold, and skirting. Additionally, Ms. Watson ignored the interior water damage to the kitchen.

In addition, the damages that Ms. Watson did include in her estimate were both underestimated and undervalued. Specifically, she failed to allow sufficient funds to cover the replacement of the main

5

dwelling roof and accompanying components, underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to include adequate overhead and profit, and improperly calculated the actual cash value of Plaintiff's loss under the Policy.

(*Id.* at 8–9).

In considering these claims, the Court re-emphasizes that the heavy burden of proving improper joinder is on the party who seeks removal, *Smallwood*, 385 F.3d at 573–74, and that all contested facts and ambiguities of controlling state law must be resolved in favor of remand. *Guillory*, 434 F.3d at 308. Accordingly, despite the potential weakness of some of Plaintiff's claims, the Court finds that the allegations in Plaintiff's Petition are sufficient to support a potentially viable claim against Watson, individually, for violating section 541.060(a)(2)(A) of the Texas Insurance Code. Therefore, Watson was not improperly joined and must be counted for diversity purposes.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Dkt. No. 4) is **GRANTED**. The Clerk is directed to mail a certified copy of this Order to the Clerk of the 49th District Court of Zapata County, Texas, as required by 28 U.S.C. § 1447.

It is so **ORDERED**.

**SIGNED** July 7, 2016.

Marina Garcia Marmolejo
United States District Judge

6